UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE ROMANO SPRINGFIELD,<br><br>Plaintiff,<br><br>v.<br><br>ELMWOOD MEN FACILITY, et al.,<br><br>Defendants. | Case No. 23-cv-03325-RMI<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 1, 3, 13, 14 |

Plaintiff, a former detainee proceeding pro se, filed a civil rights complaint under 42 U.S.C. § 1983. He has requested leave to proceed in forma pauperis.

## DISCUSSION

### 1. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity, or from an officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review, the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at § 1915A(b)(1), (2). Further, it should be noted that pleadings submitted by pro se parties must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." While specific facts are not necessary, the statement needs to give the defendant fair notice of the nature of the claim and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Although a plaintiff need not include detailed factual allegations in a complaint, the complaint must do more than recite elements of a

cause of action and state conclusions; rather a plaintiff must state factual allegations sufficient to raise the entitlement to relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The Supreme Court recently explained this standard: "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations . . . [and] [w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**2. Legal Claims**

Plaintiff presents allegations that occurred while in county jail. The Due Process Clause of the Fourteenth Amendment protects a post-arraignment pretrial detainee from the use of excessive force that amounts to punishment. *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989) (citing *Bell v. Wolfish*, 441 U.S. 520, 535-39 (1979)). To prove an excessive force claim under § 1983, a pretrial detainee must show only that the "force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015). "A court must make this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id*. "A court (judge or jury) cannot apply this standard mechanically." *Id*. "[O]bjective reasonableness turns on the 'facts and circumstances of each particular case.'" *Id*. (quoting *Graham v. Connor*, 490 U.S. at 396). *Accord Lombardo v. City of St. Louis*, 141 S. Ct. 2239, 2241-42 (2021) (per se rule that use of prone restraint is constitutional so long as individual appears to resist officers' efforts to subdue him would be improper because it would "contravene the careful, context-specific analysis required" in excessive force cases).

The Ninth Circuit held that the objective standard of *Kingsley* applicable to excessive force claims brought by pretrial detainees, also applies to failure-to-protect claims brought by pretrial detainees. *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1067-70 (9th Cir. 2016). Specifically, a pretrial detainee need not "prove an individual defendant's subjective intent to punish in the context of a . . . failure-to protect claim." *Id*. at 1070. A pretrial detainee who asserts a due process claim for failure to protect instead must prove "more than negligence but less than subjective intent – something akin to reckless disregard." *Id*. at 1071.

Plaintiff's allegations are difficult to understand. On June 6, 2023, he filed an Original Complaint (dkt. 1) with very few details, but with several attachments. Then, on July 31, 2023, he filed what appears to be an Amended Complaint (dkt. 13), with far fewer details and no attachments. He claims to have been attacked by another detainee, who allegedly assaulted him and caused eye trauma. (*See* dkt. 13 at 2; *see also* dkt. 1 at 1). Plaintiff then identifies two jail deputies and says there were six fights with them, but he provides no details. (*Id*.) Plaintiff provides no other details but does include many exhibits (with his first Complaint) (dkt. 1); however, those documents do not provide any information regarding the deputies. The Complaints (dkts. 1 and 13) are therefore dismissed with leave to amend, such that Plaintiff can provide more information.

With respect to the detainee who assaulted plaintiff, he cannot seek relief against a private citizen under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege that the alleged constitutional deprivation was committed by a person acting under the color of state law. While Plaintiff is free to describe the other inmate's role in the assault – including any connection between being assaulted by an inmate and any action on the part of the deputies – he should not name the inmate as a defendant in an amended petition. With respect to the deputies, Plaintiff must provide more information regarding how they violated his constitutional rights such as explaining (for example) whether or not they assaulted him or failed to protect him from the other detainee.

If Plaintiff contends that deputies assaulted him, he must describe what occurred, what each deputy did and any injuries he suffered. If he alleges that the deputies failed to protect him from other detainees, he must provide more information about what occurred. Plaintiff must

3

provide specific details, simply including exhibits is insufficient.

## CONCLUSION

1. The motion to proceed in forma pauperis (dkts. 3, 14) is **GRANTED**. The Complaint (dkts. 1, 13) is **DISMISSED** with leave to amend in accordance with the standards set forth above. The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed, and it must include the caption and civil case number used in this order and the words "AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the original Complaint by reference. Failure to amend within the designated time will result in dismissal of this case.

2. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk, headered "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: August 14, 2023

ROBERT M. ILLMAN
United States Magistrate Judge